(22 Misc. Rep. 147.)

SPENCER v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORK-
MEN OF STATE OF NEW YORK et al.

(Supreme Court, Special Term, Erie County. December 15, 1897.)

1. INSURANCE—CHANGE OF BENEFICIARIES.

An insured designated certain beneficiaries, neither blood relations nor dependent upon him, in accordance with the by-laws of the insurer, giving him the unrestricted right to designate the beneficiary. Subsequently the insurer, by amendment without a retroactive clause, required the beneficiary to be a blood relation or a dependent of the insured. *Held* not to affect the rights of the beneficiaries named, on the death of insured after the amendment.

2. SAME—AMENDMENT TO BY-LAWS.

An amendment to the by-laws of an insurance company changing the class of beneficiaries is not retroactive, in the absence of a provision therein to that effect.

3. PLEADING—SERVICE OF ANSWER.

Where an insurance company stands ready to pay the amount due on a policy when the proper beneficiary is determined, an objection, in an action by persons claiming to be such beneficiaries, that it has not been served with a copy of the answers of contesting beneficiaries, has no merit.

Action by Mary E. Spencer against the Grand Lodge of Ancient Order of United Workmen of the State of New York, Daniel D. Cothran, and one Ransom. Judgment for defendants Cothran and Ransom.

Perry C. Reyburn, for plaintiff.
William Greene, for defendant Ransom.
Morris & Smith, for defendant Cothran.
A. C. Harwick, for defendant A. O. U. W.

SPRING, J. The defendant is a benefit association, with a large membership, the chief aim of which is to provide a beneficiary fund, in the nature of an insurance on the lives of its members. The local organizations are called "subordinate lodges," and above those is the grand lodge, usually of state jurisdiction, and still superior to that is the supreme lodge, made up of duly-elected representatives of the grand lodges. In October, 1888, Charles O. Spencer became a mem-

ber of Youngstown Lodge, No. 289; and upon his application a bene-
ficiary certificate for $2,000 was issued by the grand lodge, payable
to defendant Daniel D. Cothran, $200, and to A. E. Haskell, $1,800.
In 1890, upon the application of said Spencer, this certificate was
canceled, and a new one issued, payable, $400 to said Cothran,
and $1,600 to defendant Ransom.  Spencer continued to keep
up the assessments on this certificate, and at his death, in March of
this year, he was in good standing in the order; and his certificate
remained uncanceled, and apparently operative.  Spencer was un-
married, and the beneficiaries named in the certificate were not his
relatives or dependents.  The plaintiff is his mother and next of kin.
The certificate had a valid inception, and infringed upon no rule or
by-law of the order in force at that time, as the member had an un-
restricted right to designate the beneficiary.  Section 1, art. 2, Const.
Grand Lodge; Sabin v. Phinney, 134 N. Y. 423, 31 N. E. 1087; Mas-
sey v. Society, 102 N. Y. 523, 7 N. E. 619.  Subsequently, and in
1895, the supreme lodge amended its by-laws as follows:

"Each member shall designate the person or persons to whom the benefi-
ciary fund due at his death shall be paid, who shall in every instance be one
or more members of his family, or some one related to him by blood, or who
shall be dependent upon him."

The claim of the plaintiff and of the association is that this had
a retroactive effect, and consequently nullified the certificate issued
on the application of Mr. Spencer, so far as the designation of per-
sons is concerned.  There is nothing in the language of the section
implying that it was to relate to certificates valid when issued.  It
makes no provision for calling in these certificates.  It does not pro-
vide for any notice to any member of the order who was keeping up
assessments innocent of any impairment of his certificate, and no
action in fact was taken indicating that this drastic, retrospective
construction was designed by the passage of this enactment.  Cer-
tainly a provision of this kind will not be given a retroactive inter-
pretation unless such an intent is clearly manifest.  Bac. Ben. Soc.
par. 187; Wist v. Grand Lodge, 22 Or. 271, 29 Pac. 610; Nibl. Ben.
Soc. pars. 162, 162a; Sargent v. Supreme Lodge, 158 Mass. 557, 33
N. E. 650; Benton v. Brotherhood, 146 Ill. 570, 34 N. E. 939; Gund-
lach v. Association, 4 Hun, 339.  The courts will not intervene to
put a construction upon this provision to annul outstanding certifi-
cates, where there is nothing in the conduct of the association itself
warranting that interpretation.  In Wist v. Grand Lodge, 22 Or. 271,
29 Pac. 610, supra, where this subject was very carefully considered,
the court used the following language:

"The law does not undertake, by its terms, to disturb what has been done.
It does not nullify previous appointments.  *  *  *  It is a settled rule of
construction that laws will not be interpreted to be retroactive unless by their
terms it is clearly intended to be so.  They are construed as operating only
on cases or facts which come into existence after the laws were passed.
*  *  *  Rights will not be interfered with unless there are express words
to that effect.  It is not enough that upon some principles of interpretation a
retroactive construction could be given to the law, but the intent to make it
retroactive must be so plain and demonstrable as to exclude its prospective
operation."

I have much doubt as to the power of the supreme lodge to enact legislation practically abrogating certificates of this kind. The charter authorized the member to designate whomsoever he wished as the recipient of his benefit. He paid for this privilege, and the designation of the beneficiary is as much of the essence of the certificate as the amount to be paid; and, if it is fairly within the compass of this association to change radically the certificate, in any respect, it is vested with a dangerous power. Waiving that question, however, the language of this provision does not assume to be retrospective. The defendant the grand lodge has collected the assessments for this death loss, and stands ready to pay when the proper beneficiaries are ascertained. So its interest is purely sentimental and perfunctory, and its objection that it has not been served with the answer of the defending beneficiaries has no merit. The defendants Cothran and Ransom are entitled to the fund, in compliance with the designation made in the certificate.