### TAYLOR v. CARSON et al.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

PLEADING—AMENDED ANSWER—FILING FOR DELAY—STRIKING OUT.
　　Under Code Civ. Proc. § 542, allowing amendments to pleadings, but providing that if made for delay, so that the adverse party will thereby lose the benefit of the term for which the cause was noticed, the amended pleading may be stricken out, an amended answer filed 16 days before expiration of the time therefor, and setting up as its material fact the appointment of an administratrix, which occurred only two days previously, was not filed for delay, and should not be stricken out.

Appeal from special term, New York county.

Action by Mary A. Taylor against Margaret Carson and others. From an order striking out an amended answer, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William B. Tullis, for appellants.
William Arrowsmith, for respondent.

RUMSEY, J. The fact that the court, as a condition of striking out the amended answer, required of the plaintiffs a stipulation that the facts set out in it might be proved as though pleaded, establishes the materiality of the amendment. It was clearly made in time, and therefore it could only be struck out if it was made to appear that it was interposed by the defendants for the purpose of delay, and that the plaintiff would thereby lose the benefit of the term for which the cause had been noticed. Code Civ. Proc. § 542. The time to serve an amended answer expired on the 27th of May. As a matter of fact, it was served on the 11th of that month. The appointment of Mrs. Carson as administratrix, which was the material

fact set up in the amended answer, did not take place until the 9th of May,—two days before the amended answer was served. There is no reason to believe that any unnecessary delay took place in procuring letters of administration, and until they were procured the fact could not be set up. There is no proof that there was any bad faith in procuring them. It seems to us, therefore, that the plaintiff failed to show that the amended answer was served for the purpose of delay, and that therefore it was error to strike it out.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.