Order appealed from reversed and preliminary order to show cause dismissed, without costs of this appeal to either party.

---

SARAH SHIPMAN, Respondent, *v.* THE PROTECTED HOME CIRCLE, Appellant.

*Mutual benefit association — an amendment of its by-laws making void the certificates whose holders commit suicide — held not to apply to then existing certificates.*

An amendment to the by-laws of a mutual benefit association, providing that the benefit certificate issued to a member shall become void in case he shall die by suicide, does not apply to certificates in force at the time of the amendment, although such certificates contain an agreement on the part of the member to comply with all laws and regulations of the association which are then in force or which may thereafter be enacted, where it does not appear from any express provision in the amendment, or from any resolution or action of the association, that it was intended to apply to such certificates, or that notice thereof was given to such members or their beneficiaries, and it does appear that, at the same time the amendment relating to suicide was passed, an amendment increasing the monthly assessments was also passed, and that the association construed the latter amendment to apply solely to certificates thereafter issued.

*Semble,* that the association might, if it so desired, have made the amendment relative to suicide applicable to certificates issued prior to its enactment.

APPEAL by the defendant, The Protected Home Circle, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 2d day of April, 1901, upon the decision of the court rendered after a trial at the Chautauqua Trial Term before the court without a jury.

*A. W. Williams,* for the appellant.

*George J. Dikeman,* for the respondent.

Judgment affirmed, with costs, on opinion of KRUSE, J., delivered at Trial Term.

All concurred.

The following is the opinion of KRUSE, J., delivered at the Chautauqua Trial Term:

KRUSE, J. :

The defendant is a foreign corporation, existing under the laws of the State of Pennsylvania, doing business in this State, having for its object, among other things, the forming of fraternal societies for mutual assistance of its members and making pecuniary provision for the dependents of such members as shall die. William N. Shipman, the plaintiff's husband, became a member of one of the subordinate organizations of the defendant at Titusville, in the State of Pennsylvania, on the 1st day of March, 1897. He received a copy of the defendant's charter, constitution and by-laws, in a printed book, with his certificate of membership, and very soon after receiving the same gave them to his wife, the plaintiff.

The certificate provided that the defendant would pay to the wife the sum of $2,500 within ninety days after proof of death of the said William N. Shipman, provided that he was then in good standing in the order. It required the monthly payment of $2.70 premium, and recited that it was issued in consideration of certain representations and declarations made by him, among others, that he would conform in all respects to the laws, rules and usages of the defendant order then in force or which might thereafter be adopted by the defendant, and agreed that compliance on his part with all such laws, regulations and requirements then in force, or that might thereafter be enacted by the defendant, should be the express condition upon which he was to be entitled to participate in the beneficiary fund. The certificate itself, upon its face, provides for the payment of the sum of $2,500, " pursuant to the provisions of the laws of this order governing the benefit fund and relating to the granting and payment of benefit certificates within ninety days after the receipt by the Supreme Circle (the defendant) of satisfactory evidence of the death of the member to whom this benefit

certificate is issued, provided always that said member shall be in good standing in this order at the time of death."

In May, 1897, the defendant's by-laws were amended by adding thereto the following section:

"Article XI, section 13. Suicide.

"The benefit certificate issued to a member shall become void, and all benefits thereunder shall be forfeited, in case the insured shall die by suicide, felonious or otherwise, sane or insane, or by his own hand, sane or insane. Provided, that in such case there shall be refunded to the beneficiary named in said certificate the amount of all payments made, together with interest thereon at the rate of three per cent per annum."

The by-laws were also amended at the same time by changing the age at which persons might become members and increasing the monthly rates.

No notice was ever given to William N. Shipman or his wife, the plaintiff, of any of these changes, and it is conceded that the increase in the monthly premium was not applied to members who had become members of the defendant order previous to the time that such changes in the by-laws took effect. The beneficiary, the wife of the said William N. Shipman, paid the monthly premiums at the original rate of two dollars and seventy cents per month, as required by the defendant, up to the 5th day of April, 1900, at which time the said William N. Shipman came to his death by suicide. It is now claimed by the defendant that this amendment to its by-laws in May, 1897, which provided that the benefit certificate issued to a member should become void, and all benefits thereunder be forfeited, in case the member should die by suicide, applies to this certificate, and that all the benefits thereunder were forfeited except that the amount of payments, together with interest at the rate of three per cent per annum, should be paid to the beneficiary. It is to be observed that the covenant or condition regarding the laws, rules and usages, both present and prospective, is, that he will conform thereto, and promises full compliance therewith, as a condition; and it is not very clear that this had reference to such an amendment as would exclude the liability of the defendant entirely in the event that the member came to his death by his own act of suicide. It may well be suggested that this reservation to

amend its by-laws with reference to which the member promised to comply, referred to other matters ordinarily incident to the management of such associations, and not to such a vital matter as impaired its liability and limited the risk upon which the original certificate of membership was obtained. I am inclined, however, to the opinion that the defendant had the right to make this change in its by-laws, and that it could have limited its liability, even as regards such of its members as had become members of the defendant order before the change was made. The serious question is as to whether, under all the facts and circumstances in this case, it can be said that it was the intention of the defendant to so limit its liability as regards the certificate of membership in question.

It will be observed that there was no express provision in this amendment making it applicable to outstanding beneficiary certificates; neither the amendment itself nor any resolution or action of the defendant indicates affirmatively that it was intended to so apply to the then members of the defendant order. No notice was given by it to the member, so far as the evidence discloses in this case, nor to the plaintiff beneficiary. The monthly premium remained at the same rate, although the rates were increased at this same meeting, when the amendment regarding suicide was enacted, and other changes were made; yet as regards members who had become such before the amendment, the rates remained the same, and the plaintiff paid the same rate which she had paid originally, and no claim is made that these other amendments applied to Shipman, or any of the other members who were members at the time when these amendments took effect. Under these circumstances, I am of the opinion that this amendment forfeiting the benefits under the certificate in case the insured should die by suicide, does not apply to the certificate issued to Shipman before the amendment was passed by the defendant order, and which is the subject of this controversy, for, as said in Niblack on Benefit Societies and Accident Insurance (2nd ed., p. 64): "Members may contract in reference to laws of future enactment — may agree to be bound by any future by-laws or amendments which may be passed by the society, as if they were existing at the date of the contract. They may consent that new by-laws or amendments shall enter into and form parts of their contracts, modifying or varying them. But the fact that a member

has consented to be bound by future laws or amendments does not alter the rule that they will be given a prospective operation in the absence of a clear intent that they shall act retrospectively." This rule was applied in *Spencer* v. *Grand Lodge A. O. U. W.* (22 Misc. Rep. 147), where it appeared that the benefit society had amended its by-laws limiting the beneficiary to persons who should be related to the member by blood, or members of his family dependent upon him, and it was held that it did not apply to certificates which had been theretofore issued, and that provisions of that kind would not be given a retroactive interpretation, unless such an intent was clearly manifest. This case was affirmed by the Appellate Division upon the opinion of Mr. Justice SPRING at Trial Term. (53 App. Div. 627; S. C., 65 N. Y. Supp. 1146.)

The plaintiff is entitled to judgment for the full amount, with interest.