### KING et al. v. IRVING.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

1. TRUSTS—EXECUTION AGAINST INCOME—PARTIES.

Where a trustee was not a party to an application under Code Civ. Proc. § 1391, as amended by Laws 1903, p. 1071, c. 461, for an execution against the income payable to a judgment debtor, an order directing the application of a certain sum, as being 10 per cent. of the income, cannot be sustained, as the trustee was entitled to be heard in reference thereto.

2. SAME—RETROACTIVE LAWS.

Where a trust created by will became effective in 1894, and directed the payment of a certain income to testator's brother personally, or to his order, Laws 1903, p. 1071, c. 461, authorizing execution against the income of trust funds, if applicable thereto, was unconstitutional, as having a retroactive effect.

Appeal from Special Term, New York County.

Action by Carrie A. S. King and another, as executrices, etc., against George Irving. From an order directing that an execution issue against income received under a will, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James M. Ball, for appellant.
Thomas Holden, Jr., for respondents.

McLAUGHLIN, J. This appeal is from an order directing that an execution issue under section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, of the Laws of 1903. The appellant, under his brother's will, which was admitted to probate by

the Surrogate's Court of the county of New York on the 25th of October, 1894, is entitled to receive a certain income from a trust fund created therein, and held by the executrices and trustees thereof. The will provides that one-third of the income from such fund is "to be paid by my said executrix and executors and trustees to my said brother George Irving, during his natural life, in such payments as my said executrix, executors and trustees shall think most advisable, but such payments to be at least as often as every six months and to be made to him personally or to his order." The defendant, as appears from this record, receives under this provision of his brother's will about $1,700 a year. Having become indebted to the plaintiffs for necessaries, and having failed to pay the same, they obtained judgment against him for $364, upon which execution was duly issued, and returned unsatisfied. Thereupon plaintiffs applied, under section 1391 of the Code of Civil Procedure, as amended by chapter 461, p. 1071, of the Laws of 1903, for leave to issue an execution against such income; and an order was made to that effect, which also directed that one of the trustees named in the will pay to the sheriff of the county of New York the sum of $170 each year out of said income, until the said judgment, with interest, expenses, etc., be fully paid. The defendant appeals from this order.

I think this order must be reversed. It will be observed, on referring to the section of the Code under which the order was made, that in no event can more than 10 per cent. of the income be taken, and, if the trustee does not pay as directed, he becomes personally liable, and an action may be maintained by the plaintiffs to recover the same from him. To justify the seizure of $170 a year, the income must be at least $1,700 a year; and, while the papers used on the motion seem to establish that this income is about that amount, that is not binding upon the trustee, inasmuch as he was not a party to, and took no part in, the motion. Clearly he is entitled to be heard on that subject, and it would seem that the other trustees ought also to be made parties to the application, as power does not appear to be lodged in one to manage the testator's estate, or definitely determine how much income shall be paid.

I am also of the opinion that this application should have been denied for another reason. The trust created by the will of the defendant's brother took effect on or before October 25, 1894. It was a valid trust, and the testator in the manner provided by law disposed of his property. He directed that a certain income should be paid to his brother personally or upon his order. This he had a right to do, and it is difficult to see how the Legislature has power to direct payment in a different way. The general rule is that a statute is not to have a retroactive effect unless its express letter requires that it should be so construed. New York & Oswego R. Co. v. Van Horn, 57 N. Y. 473; Bottjer v. Supreme Council, 78 App. Div. 546, 75 N. Y. Supp. 805, 79 N. Y. Supp. 684. There is nothing in this statute indicating a legislative intent that it should apply to a trust created by will prior to its passage, and full effect can be given to the statute by holding that it does not have a retroactive effect. It might well be held, if it be given a retroactive effect, that

it is unconstitutional. Defendant's brother, at the time the will was made, had a right to make it in precisely the way he did. That was then a valid trust, and one-third of the income had to be paid as directed in the will. It could not be reached by execution, and it may be doubted whether the Legislature has the power thereafter to pass a law which shall in effect destroy a part of the will.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.