(78 Misc. Rep. 60.)

### SINCLAIR v. FITZPATRICK et al.

(Supreme Court, Appellate Term, Second Department.   October 30, 1912.)

1. INSURANCE (§§ 771, 780*)—MUTUAL BENEFIT INSURANCE—PERSONS WHO MAY BE BENEFICIARIES.

Under the by-laws of a benefit insurance society, stating that, its object was to establish a benefit fund from which a specified sum should be paid as the member might have directed in his benefit certificate, and that each member might enter upon his application the name or names of the members of his family, or those to whom he desired the benefit paid, and might at any time, when in good standing, change the beneficiary, a member could name any beneficiary whom he chose, whether related or not, and change such beneficiary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1935, 1937, 1946; Dec. Dig. §§ 771, 780.*]

2. INSURANCE (§ 719*)—MUTUAL BENEFIT INSURANCE—AMENDMENT OF BY-LAWS.

The right of a member of a benefit insurance society, under the by-laws in force when he became a member, to name any person as beneficiary, whether related to him or not, could not be taken away by a subsequent amendment of the by-laws or charter restricting beneficiaries to blood relatives, the affianced wife or husband, or persons dependent upon the insured, and such change only applied to those thereafter joining the society.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. § 719.*]

3. INSURANCE (§ 693*)—MUTUAL BENEFIT INSURANCE—CONSTITUTIONS AND BY-LAWS.

The by-laws of a benefit insurance society cannot be inconsistent with the charter.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1833; Dec. Dig. § 693.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Rose Sinclair, individually and as administratrix, against Mary Fitzpatrick, impleaded. From a judgment for the named defendant, plaintiff appeals. Affirmed.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

John C. L. Daly, of Brooklyn (Francis A. McCloskey, of Brooklyn, on the brief), for appellant.

Arthur F. Engel, of New York City, for respondent.

PER CURIAM.   Supreme Council, Catholic Knights of America, was incorporated by the General Assembly of the commonwealth of Kentucky April 1, 1880.   Section 2 of the act of incorporation reads:

"The object of the corporation shall be * * * to establish and maintain a benefit fund from which a sum not to exceed $2,000 shall be paid at the death of each member to his family, or be disposed of as he may direct."

The deceased, James Sinclair, became a member of Branch No. 204 of this order on May 3, 1899, at which time section 6 of the by-laws stated the object of the order in the following words:

"To establish a benefit fund from which * * * a sum not exceeding $2,000 shall be paid as he may have directed in his benefit certificate."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

And section 161 provided as follows:

"Each member may enter upon his application the name or names of the members of his family or those to whom he desires the benefit paid. * * * A member may at any time, when in good standing, change his beneficiary upon complying with the requirements hereinafter provided and upon surrender of his benefit certificate and payment of a fee of 50 cents."

. Subsequently, and in 1903, the by-laws were modified, so as to restrict the beneficiaries to—

"blood relatives, affianced wife or husband, or to a person dependent upon the insured."

[1, 2] At the time the deceased, James Sinclair, joined the order, his contract, consisting of the charter and by-laws, provided that he could name any beneficiary whom he chose, whether related or not, and could change the beneficiary upon making application and paying the fees. This was a substantial right, which could not be taken away by subsequent amendment of the by-laws or charter. Wright v. Knights of the Maccabees, 196 N. Y. 391, 89 N. E. 1078, 31 L. R. A. (N. S.) 423, 134 Am. St. Rep. 838; Spencer v. Grand Lodge of Ancient Order of United Workmen, 22 Misc. Rep. 147, 48 N. Y. Supp. 590; Roberts v. Cohen, 60 App. Div. 259, 70 N. Y. Supp. 57. The modification of the by-laws, therefore, restricting beneficiaries to blood relatives as above quoted, did not refer to the deceased or his contract, but only to those thereafter joining the order. The deceased, therefore, could at any time change his beneficiary and designate whom he pleased.

[3] It may be a question as to whether this amendment of the by-laws is of any force as to any member, as the charter above quoted from provides that the fund may be disposed of as the insured may direct. By-laws cannot be inconsistent with the charter, and there is no evidence before us that the charter has ever been amended in this particular. When, therefore, the deceased, James Sinclair, changed his beneficiary in April, 1907, from his sister, Rose Sinclair, to the defendant Mary Fitzpatrick, and received a certificate promising to pay her the amount of the insurance, it was immaterial whether she were a relative or not.

The judgment of the Municipal Court, awarding the fund in question to Mary Fitzpatrick, is affirmed.