Addington, J.
This is an appeal by the plaintiff from a judgment in favor of the plaintiff for fifty dollars, less costs, in favor of the defendant after an offer of judgment by it.
The action is brought by the plaintiff, individually and as administrator, to recover the sum of $550 on a certificate of membership held by Mary E. Tierney in the Cigar Makers Union of America. ¡
It appears that Mary E. Tierney was a cigar packer, and joined the defendant organization in August, 1894, and that after she became such member she married the plaintiff. She paid her dues to the defendant organization up to December 16, 1914, the time of her death, a period of twenty years. At the time she became a member of the defendant organization its constitution, so far as applicable to this case, read as *333 follows: “ But in case any member shall fail to so designate (a beneficiary) by will or otherwise, to whom said sum shall be paid, the sums above mentioned shall be paid to the heirs at law.”
In 1912, said constitution was amended in part so as to read as follows: “ If there be no such designation [of beneficiary] * * * if there be no * * * widow, no minor children nor such relatives of such deceased member [dependent upon him for support] * * * then .all right and claim of any and every person . to such benefit shall wholly cease and determine. ’ ’
The chief contention of the defendant is, that there is a forfeiture, for the reason that under her membership Mary E. Tierney did not designate the beneficiary in accordance with the amended constitution of 1912, and that none of the persons mentioned therein were living at the time of her death, and there were no dependent relatives.
The constitution as it existed when Mary E. Tierney became a member provided that if there was no designation of a beneficiary by will or otherwise “ the sums above mentioned shall be paid to the heirs at law.” This was a wise, fair and just provision, on which the member had a right to rely, and having made no specific designation, did rely.
The constitution as amended in 1912, and which was in force at the time of the death of said member, provided that if there was no designation of a beneficiary by the member, and none of the persons mentioned therein were living, “ then all right and claim of any and every person to such benefit shall wholly cease and determine.” In other words, the amended constitution eliminated the provision that in the final analysis the benefit would go to her “ heirs at law.”
The books are full of cases which pass upon the *334 validity of an amendment to the by-laws of these benevolent institutions, which were made subsequent to the issuance of a policy or certificate. There is no question as to what constitutes the contract. “ It is the well-settled general rule, applicable to these organizations, that the certificate of membership and its conditions, together with the constitution and by-laws of the order, "furnish the contract by which the rights of the members to participate in the benefits are to be determined.” Grossmayer v. District No. 1, Benai Berith, 70 App. Div. 90, 92.
It is also well settled that under the constitution and by-laws of these organizations the latter have the power to make certain amendments, which may be binding on those who at the time of such amendments are members of the institution. The decisions are in accord on this proposition, and in the above quoted decision the court further says: ‘‘ Where the constitution makes provision for the change in it and its by-laws by the action of the society, such right to change forms a part of the contract and the members are bound by such changes as are regularly made. The only limitation upon the power seems to be that the by-laws must be reasonable in their terms and operation, and consistent with the provisions of the constitution.”
It is also well settled that the law does not look with favor on forfeitures in these cases. Pfeifer v. Supreme Lodge Bohemian S. B. Society, 173 N. Y. 418; Tidd v. McIntyre, 116 App. Div. 602; Butler v. Supreme Council, 105 id. 164.
In this case, when before the Appellate Division of this department on the amended constitution, Justice Kellogg says: “ The union made the by-laws, and they should be most strictly construed against it, *335 especially when it is urging a forfeiture.” Tierney v. Perkins, 178 App. Div. 391, 396;
Mary E. Tierney was a member of this union for over twenty years. The only right she had under the certificate was to designate a beneficiary. She was bound by the constitution and by-laws, as they existed when she became a member, and was satisfied with the provisions thereof relating to the payment which became due under the constitution of this union when she should die. Under that constitution, which became part of her contract with the defendant, she knew she had the power to specifically designate her beneficiary. She did not in writing avail herself of that privilege, but was satisfied that any sums due from the union on account of her death should go to her “ heirs at law.” So that while there was no direct, there was an indirect designation. It did not concern the defendant as to who her beneficiary should be; that was a matter in which she was particularly interested, and as she made no written designation, as said above, it is logical to believe that she was satisfied with the provisions that the benefit go to her “ heirs at law.”
I am decidedly of the opinion that it was not only unreasonable, but eminently unjust and unfair under all the circumstances, for this defendant organization to amend this certain provision of the constitution eliminating the “ heirs at law,” to whom she apparently was content that the benefit should go when she did not specifically in writing make a designation. Roberts v. Cohen, 60 App. Div. 259; Spencer v. Grand Lodge, 22 Misc. Rep. 147; Beach v. Supreme Tent, 177 N. Y. 100; O’Brien v. Supreme Council, 81 App. Div. 1; Brooklyn Masonic Mut. Relief Assn. v. Hanson, 53 Hun, 149.
What more unreasonable, not to say absurd, amendment to the by-laws could be made by the defendant *336 than when it attempted to take from Mary E. Tierney her privilege under her contract with it, and make itself the beneficiary? I cannot conceive of a case which comes more clearly or strongly under the limitations of the power to amend by-laws as affecting present membership.
For the reasons stated the amendment to the constitution, which did not exist when she became a member, eliminating her “ heirs.at law,” was unreasonable to say the least.
There are several other questions raised by the parties which it is not necessary to consider.
The judgment of the City Court of Albany is reversed and a new trial ordered, with costs to abide the event.
Judgment reversed and new trial ordered, with costs to abide event.