husband's credit for necessaries furnished to her are well settled. Whether they are living separate or together, the latter is bound to support the former in the absence of either an agreement or decree of the court relieving him from that burden. Hatch v. Leonard, 165 N. Y. 435, 59 N. E. 270. "Ordinarily, he will be presumed to assent to her making such purchases as, in the conduct of the domestic concerns, are proper for her management and supervision; but he is at liberty to withhold such assent, and destroy such presumption, by an express prohibition; and, if he do so, no one having notice thereof may trust the wife in reliance upon his credit, unless the husband so neglects his own duty that supplies become absolutely necessary according to their condition." Keller v. Phillips, 39 N. Y. 351, 354. In the present case the burden of proof was upon the defendant to show that credit was given against his consent, and with notice thereof to the plaintiff, as it was undisputed that he did not supply his wife with necessaries, and that the plaintiff furnished them to her. To rebut the presumption of agency of the wife, the defendant testified in his own behalf that shortly after his wife left his house he demanded his wife of the plaintiff; told her that he did not want her to harbor her, and that he was ready and willing to provide for her at his own home. He was an interested witness, whose testimony the court was not bound to believe; but, however the court may have found upon this question, there was evidence in the case tending to prove that the separation of the husband and wife was due to the husband's fault; and that he never afterwards contributed a penny to her support, except by order of the court, was conceded. It was for the trial court to say whether the plaintiff rebutted the presumption of agency, or whether the husband's previous cruelty caused the separation.

I think the judgment should be affirmed, with costs. All concur.

(66 App. Div. 448.)

SHIPMAN v. PROTECTED HOME CIRCLE.

(Supreme Court, Appellate Division, Fourth Department. November 19, 1901.)

LIFE INSURANCE—BENEFICIAL ASSOCIATIONS — BY-LAWS—AMENDMENT—EFFECT ON MEMBER.

A contract between a beneficial association and a member made liability on the certificate conditional on the member's compliance with the laws and usages of the order then in force or thereafter adopted. Subsequently the association's by-laws were amended by increasing the premiums, and providing that all benefits should be forfeited in case a member died by suicide. No notice of such amendments was brought to the knowledge of the member, and to the time of his death he continued to pay the premium as fixed prior to the amendment. *Held*, that his certificate was not affected by the by-law relative to suicide; it not appearing that such was the intention of the association.

Appeal from trial term, Chautauqua county.

Action by Sarah Shipman against the Protected Home Circle. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

The following is the opinion of the court below (KRUSE, J.):

The defendant is a foreign corporation existing under the laws of the state of Pennsylvania, doing business in this state, having for its object,

among other things, the forming of fraternal societies for mutual assistance of its members, and making pecuniary provision for the dependents of such members as shall die. William N. Shipman, the plaintiff's husband, became a member of one of the subordinate organizations of the defendant at Titusville, in the state of Pennsylvania, on the 1st day of March, 1897. He received a copy of the defendant's charter, constitution, and by-laws, in a printed book, with his certificate of membership, and, very soon after receiving the same, gave them to his wife, the plaintiff. The certificate provided that the defendant would pay to the wife the sum of twenty-five hundred dollars within ninety days after proof of death of the said William N. Shipman, provided that he was then in good standing in the order. It required the monthly payment of two and seventy-one hundredths dollars premium, and recited that it was issued in consideration of certain representations and declarations made by him,—among others, that he would conform in all respects to the laws, rules, and usages of the defendant order then in force, or which might thereafter be adopted by the defendant, and agreed that compliance on his part with all such laws, regulations, and requirements then in force, or that might thereafter be enacted by the defendant, should be the express condition upon which he was to be entitled to participate in the beneficiary fund. The certificate itself, upon its face, provides for the payment of the sum of twenty-five hundred dollars, "pursuant to the provisions of the laws of this order governing the benefit fund, and relating to the granting and payment of benefit certificates, within ninety days after the receipt by the supreme circle [the defendant] of satisfactory evidence of the death of the member to whom this benefit certificate is issued: provided always, that said member shall be in good standing in this order at the time of death." In May, 1897, the defendant's by-laws were amended by adding thereto the following section:

"Article XI, section 13. Suicide. The benefit certificate issued to a member shall become void, and all benefits thereunder shall be forfeited, in case the insured shall die by suicide, felonious or otherwise, sane or insane, or by his own hand, sane or insane. Provided, that in such case there shall be refunded to the beneficiary named in said certificate the amount of all payments made, together with interest thereon at the rate of three per cent. per annum."

The by-laws were also amended at the same time, by changing the age at which persons might become members, and increasing the monthly rates. No notice was ever given to William N. Shipman, or his wife, the plaintiff, of any of these changes; and it is conceded that the increase in the monthly premium was not applied to members who had become members of the defendant order previous to the time that such changes in the by-laws took effect. The beneficiary, the wife of the said William N. Shipman, paid the monthly premiums at the original rate of $2.70 per month, as required by the defendant, up to the 5th day of April, 1900, at which time the said William N. Shipman came to his death by suicide. It is now claimed by the defendant that this amendment to its by-laws in May, 1897, which provided that the benefit certificate issued to a member should become void, and all benefits thereunder be forfeited, in case the member should die by suicide, applies to this certificate, and that all the benefits thereunder were forfeited, except that the amount of payments, together with interest at the rate of 3 per cent. per annum, should be paid to the beneficiary. It is to be observed that the covenant or condition regarding the laws, rules, and usages, both present and prospective, is that he will conform thereto, and promises full compliance therewith, as a condition; and it is not very clear that this had reference to such an amendment as would exclude the liability of the defendant entirely in the event that the member came to his death by his own act of suicide. It may well be suggested that this reservation to amend its by-laws, with reference to which the member promised to comply, referred to other matters ordinarily incident to the management of such associations, and not to such a vital matter as impaired its liability and limited the risk upon which the original certificate of membership was obtained. I am inclined, however, to the opinion that the defendant had the right to make this

change in its by-laws, and that it could have limited its liability, even as regards such of its members as had become members of the defendant order before the change was made. The serious question is as to whether, under all the facts and circumstances in this case, it can be said that it was the intention of the defendant to so limit its liability as regards the certificate of membership in question. It will be observed that there was no express provision in this amendment making it applicable to outstanding beneficiary certificates. Neither the amendment itself, nor any resolution or action of the defendant, indicates affirmatively that it was intended to so apply to the then members of the defendant order. No notice was given by it to the member, so far as the evidence discloses in this case, nor to the plaintiff beneficiary. The monthly premium remained at the same rate, although the rates were increased at this same meeting when the amendment regarding suicide was enacted, and other changes were made; yet, as regards members who had become such before the amendment, the rates remained the same, and the plaintiff paid the same rate which she had paid originally; and no claim is made that these other amendments applied to Shipman, or any of the other members who were members at the time when these amendments took effect. Under these circumstances, I am of the opinion that this amendment forfeiting the benefits under the certificate in case the insured should die by suicide does not apply to the certificate issued to Shipman before the amendment was passed by the defendant order, and which is the subject of this controversy; for, as said in Nib. Mut. Ben. Soc. p. 64: "Members may contract in reference to laws of future enactment; may agree to be bound by any future by-laws or amendments which may be passed by the society, as if they were existing at the date of the contract. They may consent that new by-laws or amendments shall enter into and form parts of their contracts, modifying or varying them. But the fact that a member has consented to be bound by future laws or amendments does not alter the rule that they will be given a prospective operation, in the absence of a clear intent that they shall act retrospectively." This rule was applied in Spencer v. Grand Lodge, 22 Misc. Rep. 147, 48 N. Y. Supp. 590, where it appeared that the benefit society had amended its by-laws, limiting the beneficiary to persons who should be related to the member by blood, or members of his family or dependent upon him; and it was held that it did not apply to certificates which had been theretofore issued, and that provisions of that kind would not be given a retroactive interpretation unless such an intent was clearly manifest. This case was affirmed by the appellate division upon the opinion of Mr. Justice Spring at special term. 65 N. Y. Supp. 1146.

The plaintiff is entitled to judgment for the full amount, with interest.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

A. A. Van Dusen and A. W. Williams, for appellant.
George J. Dikeman, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of KRUSE, J., delivered at trial term.

---

(67 App. Div. 187.)

## POST v. BANKS.

(Supreme Court, Appellate Division, Second Department. December 23, 1901.)

**1. STAY OF PROCEEDINGS—POWER OF COURT.**

Where the judgment in one action will dispose of the controversy in another action, the court has power to stay proceedings in the second action till the determination of the first, in order to prevent an unnecessary multiplication of suits.