(69 App. Div. 53.)

FEIERSTEIN v. SUPREME LODGE KNIGHTS OF HONOR et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. SUICIDE—EVIDENCE.
    Finding of suicide is warranted by evidence that four months before deceased's death he was detected in an attempt to commit suicide by inhaling gas, and that at his death he was found in bed, where there were no signs of disturbance, with a carbolic acid bottle beside him, his face and mouth burned by carbolic acid, and some of the acid in his mouth; and testimony of a physician that carbolic acid burns the instant it touches the mucous membrane of the mouth, and that one taking it by accident would at once be aware of it, and reject it.

2. APPEAL—REVIEW—EXCEPTIONS.
    Though an exception was not taken, the appellate division will grant a new trial on the ground of an erroneous theory having been followed, where, in action on a benefit society certificate, a by-law, passed after issuance thereof, providing that benefits of members committing suicide will not be paid, was admitted in evidence, and without special reference to the fact that it was passed after issuance of the certificate, and without the question of whether it was a good defense being raised, the case proceeded on the theory that the defense of suicide was one properly to be submitted to the jury.

    Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Rosa Feierstein against the Supreme Lodge Knights of Honor and others. From an adverse judgment and an order denying motion for new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George Edwin Joseph, for appellant.
W. R. Spooner, for respondents.

O'BRIEN, J. The action was brought by the plaintiff, as the wife of Morris Feierstein, deceased, to recover of the Supreme Lodge Knights of Honor upon a benefit certificate in which she was named as beneficiary to the extent of $1,000. The children of the deceased —but not of the plaintiff—were by order joined as defendants, they also claiming under the certificate, upon the ground that the plaintiff was not his lawful wife. The defense of the lodge was that the deceased came to his death by suicide, and therefore, under the bylaws, the policy lapsed, and only the premiums paid were recoverable, and these should be paid to the children of Morris Feierstein, and not to the plaintiff.

With respect to the defense that the plaintiff was not the lawful wife of the deceased, it appeared that she had, prior to her marriage with him, been married to another person, living in Germany, and it was claimed that that marriage was still binding. Upon the trial proof was given to show that in the state of California, prior to her marriage to Morris Feierstein, the plaintiff had obtained a divorce from her former husband. The defendants introduced in evidence the by-law of the society relating to suicide, and the question was submitted to the jury, "Did Morris Feierstein commit suicide?" which question was answered affirmatively, and thereupon judgment was entered in favor of the defendants, and the plaintiff appeals therefrom.

There is testimony that some four months prior to his death Feierstein had been detected in an attempt to commit suicide by inhaling gas, such testimony being that he had locked himself in a room, where gas was escaping from a tube hanging down in front of him as he sat at a table or desk; that the room was full of gas, and he was nearly overcome, when those who had detected him knocked at his door, and, after some delay, were finally admitted by him, and they then opened the windows, and brought him back to a full possession of his faculties. Further, it was testified that upon his death the deceased was found in bed, where there were no signs of disturbance; and that there was a carbolic acid bottle beside him, and his face and mouth were burned by carbolic acid, and there was acid in his mouth. A physician testified that carbolic acid burns the instant it touches the mucous membrane of the mouth, and that one who took it by accident would at once be aware of it, and reject it. The coroner, it appeared, found that the deceased had committed suicide. Although important and leading authorities are cited as to the proof necessary to show suicide, and it is argued that the defendants had not conclusively shown that the deceased had himself taken the acid, much less that he had done so intentionally, and the question here presented is a close one, we think in this case that it is a reasonable inference, and one justified by all the evidence, that the deceased had intended to and did commit suicide

The certificate sued upon was issued January 3, 1896, and the by-law providing that no benefit would be paid where a member had committed suicide was not passed until the month of June, 1896. The plaintiff's husband came to his death on July 30th, 1896. No special reference was made upon the trial to the fact that the by-law concerning suicide was passed after the issuing of the certificate, the question whether the defense was a good one being raised for the first time on this appeal. The by-law was introduced without objection, and the jury was permitted without exception to determine whether or not the deceased did commit suicide. Now it is argued that the trial was conducted, and the case submitted to the jury and decided, upon a wholly erroneous theory, and that, although no exceptions were taken, this court should grant a new trial. There can be no doubt that a mere reading of the by-law and of the certificate which had previously been issued shows that the amendment could not destroy the benefits which had been guarantied to the plaintiff. The

new regulation merely provided that "the order will not pay the benefits of those members who commit suicide," and thus it did not expressly state that past as well as future members were included. The rule of construction to be adopted is that a by-law is not to be deemed retrospective unless its terms exclude the interpretation that it was intended to be only prospective in effect, and applicable to circumstances thereafter arising. Shipman v. Home Circle, 66 App. Div. 449, 73 N. Y. Supp. 594. Under the certificate herein the rights of the plaintiff had become vested before the by-law was passed, and, as said in the recent, and in many respects similar, case in this court of Roberts v. Cohen, 60 App. Div. 262, 70 N. Y. Supp. 60: "Assuming that the grand lodge had power to pass the by-law limiting the class of beneficiaries, such by-law did not affect the certificate of Roberts [which was previously issued], * * * because it was not retroactive." And in that case the principle was restated that "rights will not be interfered with unless there are express words to that effect." Here the by-law was received in evidence without objection or exception, and the case proceeded upon the theory that the defense of suicide was one properly to be submitted to the jury; in other words, the defendant has been permitted to recover, although, upon principles of law, such recovery was not authorized. The case, therefore, is one wherein the discretion of the appellate tribunal, if it exists at all, to order a new trial where an erroneous theory has been followed and exceptions have not been taken, should, in the interest of justice, be exercised. To sustain this proposition, the appellant relies, among other cases, upon Roberts v. Tobias, 120 N. Y. 1, 23 N. E. 1105, wherein it was said:

"We do not question the power of that court [the general term] to reverse for errors committed upon the trial, even though they are not raised by exceptions. It is the duty of that court to examine the facts as well as the law, and, if errors have been committed involving the right of a party to recover, it may, in its discretion, grant a new trial."

And in another case cited (Whittaker v. Canal Co., 49 Hun, 400, 3 N. Y. Supp. 576) it was said:

"When a case has been submitted at circuit to a jury upon a theory which is wholly erroneous, the general term has power, and it is its duty, to grant a new trial because of the erroneous instruction, though an exception was not taken."

We think, therefore, that for the error committed in admitting improper evidence to show that the plaintiff could not recover, and in submitting the case to the jury upon an entirely wrongful theory, the judgment appealed from should be reversed, and a new trial ordered, upon payment of costs of the trial and of this appeal by the appellant.

PATTERSON and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. (dissenting). The contention that the jury was not warranted, upon the evidence, in finding that the member committed suicide, cannot be sustained, for the reasons stated in the prevailing opinion, wherein the facts are set forth. The remain-

ing question is whether the proposition of law upon which the appellant relies is applicable, namely, that where a case has been submitted to and decided by the jury upon a wholly erroneous theory, this court may grant a new trial, although there is no exception taken to such submission. I do not think, upon the facts here appearing, a case is presented for the application of the rule stated. The answer alleged as a defense that the defendant corporation had passed a by-law under which members who committed suicide caused a forfeiture of the benefits otherwise payable upon their death. The certificate sued upon was introduced in evidence. Among other things it provides in express terms that the $1,000 was payable upon the condition that the member complied with "the laws, rules, and regulations now governing this order or that may be hereafter enacted for its government." Although, after the certificate was issued, the general laws of the order were added to by the adoption of the section referring to suicide, it will be noticed that the contract of insurance was conditioned upon compliance by the member, not only with laws existing when it was made, but with any other laws thereafter enacted for the government of the society. The plaintiff upon the trial acquiesced in this construction of the language of the benefit certificate, and consented to the submission to the jury of the question of suicide, and upon the answer to be given to the question thus submitted it was deemed that the respective rights of the parties depended. The claim now made that this view, adopted by the court and counsel, was erroneous, is not before us for review, for the reason that it was not raised by any exception. The questions, therefore, which the appellant seeks to present as to whether such a by-law was a reasonable one, whether in its terms it was retroactive, and whether it was binding upon the beneficiaries, we cannot consider.

It follows that the judgment should be affirmed, with costs.