AMELIA WEBER, Respondent, *v.* THE SUPREME TENT OF THE KNIGHTS OF THE MACCABEES OF THE WORLD, Appellant.

INSURANCE — UNREASONABLE AMENDMENT OF BY-LAWS DEPRIVING BENEFICIARY OF RIGHTS UNDER POLICY ISSUED BY MUTUAL BENEFIT SOCIETY. A mutual benefit society which has insured a member against unintentional self-destruction after one year, cannot, by a subsequent amendment of its by-laws providing in effect that self-destruction while insane within five years from the date of the policy should render it void, deprive the beneficiary of his rights under the contract, since such amendment is unreasonable.

*Weber* v. *Supreme Tent K. of M.*, 61 App. Div. 613, affirmed.

(Argued October 24, 1902; decided November 18, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 8, 1901, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James L. Quackenbush* for appellant. The amendment changing the period from one to five years during which suicide would work a forfeiture of death benefit was reasonable and interfered with no vested right of plaintiff or her husband. (*Supreme Court* v. *Hammers*, 81 Ill. App. 561; *Hughes* v. *Odd Fellows*, 98 Wis. 292; *Hale* v. *E. A. Union*, 168 Penn. St. 377; *Chambers* v. *Supreme Tent*, 200 Penn. St. 244; *People ex rel.* v. *Grand Lodge*, 32 Misc. Rep. 528; *Schmidt* v. *Supreme Tent*, 97 Wis. 528; *Loeffler* v. *Modern Woodmen*, 75 N. W. Rep. 1012; *Dorns* v. *Supreme Lodge*, 75 Miss. 466; *Supreme Com. K. of G.* v. *Ainsworth*, 71 Ala. 436; *Poultney* v. *Bachman*, 31 Hun, 49.)

*George D. Forsyth* for respondent. The by-law attempted to be passed was an unreasonable one, and, therefore, not one which the court will enforce. (*Kent* v. *Mining Co.*, 78 N. Y. 183; *McNiel* v. *S. T. M. A.*, 92 N. Y. S. R. 119; *F. L. & T. Co.* v. *Aberle*, 80 N. Y. S. R. 10; *Weiler* v. *E. A. Ins. Society*, 92 Hun, 277; *Spencer* v. *G. L. A. O. U. W.*, 82 N. Y. S. R. 590; *Roberts* v. *G. L. A. O. U. W.*, 104 N. Y. S. R. 59; *Weber* v. *Sup. Tent K. O. T. M.*, 104 N. Y. S. R. 1150; *Mathews* v. *Asso. Press*, 136 N. Y. 342; *Wynehamer* v. *People*, 13 N. Y. 378.) The by-law sought to be enforced interfered with a vested right of Frederick Weber, and is, therefore, void. (*Kent* v. *Mining Co.*, 78 N. Y. 159; *Englehardt* v. *Loan Assn.*, 148 N. Y. 281; *McNiel* v. *S. T. M. Assn.*, 40 App. Div. 581; *Weber* v. *Sup. Tent*, 104 N. Y. S. R. 1150; *Roberts* v. *G. L. A. O. U. W.*, 104 N. Y. S. R. 59; *Spencer* v. *G. L. A. O. U. W.*, 82 N. Y. S. R. 500; 5 Am. & Eng. Ency. of Law [2d ed.], 96; *Ill. F. College* v. *Cooper*, 25 Ill. 123.)

PARKER, Ch. J.   The judgment in this action awards $2,000 to plaintiff as beneficiary under a policy of insurance issued to her husband by defendant, a fraternal mutual benefit society organized upon the lodge plan.   The defense interposed was that the insured took his own life and hence a recovery could not be had because at the time of his death the by-laws and rules of the order provided that should an insured commit suicide within five years from the time of admission into the order, whether sane or insane, the contract should be void.   At the time Weber joined the order and received his policy the rules of defendant and the contract of insurance provided that the contract should be void if the party committed suicide within one year, whether sane or insane. Before Weber's death defendant undertook to amend its by-laws and rules so as to extend the time from one year to five within which self-destruction, whether the result of an insane act or an intentional one, should operate to destroy the policy, and it insists the amendment was legally accomplished, and that the self-destruction of the insured within the five years, although an insane act, operated to deprive this plaintiff of all right of recovery.   Plaintiff challenges the alleged amendment and insists that it was not legally accomplished, and hence is not available as a defense.   But the disposition which we deem it necessary to make of this appeal renders it unnecessary to pass upon that question, and hence we shall assume, without deciding, that defendant took all the steps necessary to bring about this change in its laws.

This brings us directly to the question whether defendant had the power, by amendment long subsequent to the taking out of the policy by its member, to deprive his beneficiary of all rights under the policy in the event of unintentional self-destruction on the part of the insured, for in the eye of the law the taking of life by an insane person, whether it be his own or that of some other person, is not an act for which he is responsible.   In the Century Dictionary a suicide is defined to be: " One who commits suicide; at common law, one who, being of the years of discretion and sound mind, destroys him-

self."    And the act itself is defined to be, " designedly destroy-
ing one's own life.    ' To constitute suicide at common law the
person must be of years of discretion and of sound mind.' "
This distinction was evidently in the minds of the draftsmen
of the rules of the defendant, for they provided that members
who should commit suicide within one year from the time of
their admission, whether sane or insane, should not secure to
others any benefits from the membership. · It was entirely
competent of course for defendant to provide in the contract
between it and its members that there should be no recovery
in the event that within a given period the insured should
take his own life although insane, and it could as well have
provided that the effect of a death by consumption should be
to avoid the policy and deprive it of all force, and the same
could be said of typhoid fever or any other disease; but it
did not see fit to include any of those diseases nor even unin-
tentional self-destruction after a period of one year.

The query, therefore, is whether one who has become a
member of this order and entered into a contract with it may
be deprived of rights under it by a subsequent amendment
of the by-laws providing that *unintentional* self-destruction
shall avoid the policy.    It needs no amendment to the by-laws
to accomplish that result where a person of sound mind
deliberately takes his own life, for in such case, as the Supreme
Court of the United States held in *Ritter* v. *Mutual Life
Ins. Co.* (169 U. S. 139), it is an implied condition of a policy
that the insured will not purposely when in sound mind take
his own life, but will leave the event of his death to depend
upon some cause other than deliberate, willful self-destruction.
So if the proof were that this defendant while of sound mind
intentionally took his own life, there could be no recovery
although the policy were silent upon the subject.    But *unin-
tentional* self-destruction, whether due to insanity or accident,
after the lapse of a year from the making of the contract,
was as much insured against as death from typhoid fever or
consumption, and an amendment to its by-laws providing that
the death of an existing member from any of these causes

should render the policy void would deprive the party of vested contract rights. An amendment which effects such a result, we have recently held, may not be made because it is an unreasonable amendment destroying contract rights instead of regulating the administration of the corporation and its membership within reasonable bounds. (*Parish* v. *N. Y. Produce Exchange*, 169 N. Y. 34.)

The division line between proper and improper amendments and the authorities bearing thereon were sufficiently considered in that case. In this one it suffices in conclusion to say that this defendant cannot, by amendment to its rules, deprive persons already insured or their beneficiaries of their rights under contracts of insurance in the event that death shall ensue from specified causes necessarily insured against by the original contract. This contract insured Weber against unintentional self-destruction after one year and defendant had not the power to take away the right thus secured without his consent. As against him and the beneficiary under his contract, therefore, that part of the amendment which provided in effect that self-destruction while insane within five years from the date of the policy should render the policy void, was unreasonable and ineffectual.

The judgment should be affirmed, with costs.

GRAY, O'BRIEN, BARTLETT, MARTIN and VANN, JJ., concur; HAIGHT, J., not voting.

Judgment affirmed.