BOTTJER v. SUPREME COUNCIL AMERICAN LEGION OF HONOR.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. FRATERNAL SOCIETIES—SUBSEQUENT UNREASONABLE BY-LAWS—EFFECT.
     A member, on joining a fraternal association, obligated himself "to conform * * * to the laws, rules, and usages of the order * * * which may hereafter be adopted." His certificate of beneficial membership provided that "in consideration of the full compliance with all by-laws * * * now existing or hereafter adopted," etc. After the member's admission the association adopted a by-law providing for a limiting of the liability of the company "in case the member shall die by suicide, sane or insane, or by alcoholism, or by legal execution for crime." *Held*, that the by-law did not affect rights under the certificate, since it was unfair and unreasonable, and not in accordance with the charitable objects of its organization.
2. SAME—RETROACTIVE BY-LAWS—INTENTION.
     Since the by-law was not expressly made retroactive, it would not be so construed.

Appeal from trial term, Kings county.

Action by Cate Bottjer against the Supreme Council American Legion of Honor. From a judgment in favor of plaintiff (75 N. Y. Supp. 805), defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Henry A. Powell, for appellant.
James D. Bell, for respondent.

HIRSCHBERG, J. The plaintiff sues as the beneficiary named in a benefit certificate issued by the defendant to her husband, and which entitled her to the sum of $5,000 upon his death. Between the time of the issuing of the certificate and the death of her husband, the defendant adopted an amendment to its by-laws as follows:

"In case the member shall die by suicide, sane or insane, or by alcoholism, or by legal execution for crime, there shall only be due and payable to the beneficiary under the benefit certificate, the then value of the certificate, to be ascertained on the basis of the proportion of time that the member had been in the order, as it varies as to his life expectancy at the time of the member's admission, as fixed by the American expectation table."

The deceased became a member in 1886, this amendment was adopted in 1899, and he died in 1900. The defendant claimed that he committed suicide, and, on the motion of each party at the close of the case for the direction of a verdict, the court, in directing a verdict for the plaintiff, wrote that two questions were presented, viz., the power of the defendant to make the by-law in question, in so far as it tended to impair existing obligations, and the retroactive

operation of the amendment. The decision was rested upon the want of power, and the opinion of the learned trial justice is here appended. We agree with the conclusion reached upon the question discussed. The recent case of Weber v. Supreme Tent of Knights of Maccabees, 172 N. Y. 490, 65 N. E. 258, may be noted in that connection.

We are also of opinion that the amendment was not retroactive. It certainly is not so in express terms, there being no statement to the effect that the by-law as amended was to apply to the benefit certificates issued and outstanding at the time of the adoption of the amendment. The general rule is that all enactments are to be considered prospective in their operation unless the contrary intention is either declared or clearly manifested. O'Reilly v. Stage Co., 87 Hun, 406, 34 N. Y. Supp. 358; Isola v. Weber, 147 N. Y. 329, 41 N. E. 704. The precise question appears to have been decided adversely to the contention of the appellant where a retroactive effect was sought to be given to a similar by-law or amendment in Shipman v. Protected Home Circle, 66 App. Div. 448, 73 N. Y. Supp. 594, and Feierstein v. Supreme Lodge, 69 App. Div. 53, 74 N. Y. Supp. 558.

Other questions have been presented, but, in the view taken, their consideration becomes unnecessary. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.