ANNA E. SHEPPERD ET AL., APPELLEES, V. BANKERS UNION OF THE WORLD, APPELLANT.*

FILED JUNE 20, 1906.   No. 14,386.

1. Insurance: ASSESSMENTS.   The monthly assessments required from the members of a beneficial society may be increased, when it is found that such increase is necessary to meet the needs of its business honestly administered.

2. ———: ———.   The constitution and by-laws of a beneficial society provided that on the death of a member the amount due on his certificate should be ascertained by deducting from its face value the monthly assessments from the death of the member to the expiration of the life expectancy of such member with 4 per cent. interest thereon.   The constitution and by-laws were afterwards changed, increasing the monthly assessments to be collected, but providing that such increased assessments should be collected only from members thereafter joining, the old members to continue to pay at the old rate and on their death the increase over the old rate to be deducted from their certificate.   Held, That the society had the right, in settling with the beneficiaries of a deceased member, to deduct from the certificate the difference between the rate of the monthly assessments in force when the certificate was issued and the increased rate provided by the amendment computed from the time when the new rate went into effect up to the date of the death of the member, but not for the remainder of the life expectancy of such deceased member.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JR., JUDGE.   Reversed with directions.

*See opinion on rehearing, p. 90, post.

*Weaver & Giller,* for appellant.

*Montgomery & Hall, contra.*

Duffie, C.

This action was brought by the beneficiaries named in a certificate of insurance issued by the Bankers Union of the World to Mrs. Sarah B. Shepperd for $1,000, of date March, 1902. During the life of Mrs. Shepperd she paid the monthly assessments provided by the by-laws of the society up to the time of her death. Section 7 of the constitution and by-laws of the society, relating to the payment of certificates on the death of a member, provides the following method of arriving at the amount due upon the certificate: "For the purpose of creating a reserve fund to guard against poor risks, protect healthy members, equalize the costs to all, and absolutely insure the perpetuity of the union, all insurance of the Banker's Union of the World will be adjusted and paid on the following plan: Should any member holding a policy die before having lived out his expectancy of life, based on his age at entry, according to the American experience table of mortality, there shall be deducted from the death benefit payable on such policy held by said member a sum equal to the amount of one payment (at the rate paid by the member) for each month of the unexpired period of such life expectancy with 4 per cent. on the unpaid balance of said sum." It is alleged in the answer that Mrs. Shepperd's life expectancy when the certificate was issued was 31 years. She died in October, 1903, and 29 years and 5 months prior to the expiration of her life expectancy. Under the method provided for computing the amount due upon the certificate under section 7 of the constitution above quoted, there would be deducted from the face value of the certificate the regular monthly payments for 29 years and 5 months, together with 4 per cent., and the remainder would be the amount due the beneficiaries. After this certificate was issued to Mrs. Shep-

perd and after the payment of a number of monthly assess-
ments, the constitution and by-laws of the order were reg-
ularly amended so as to require the payment of a larger
monthly assessment from members of all ages to be imme-
diately collected from all members thereafter joining. As
to the old members, the additional monthly assessment was
not required to be paid in cash, but on the death of the
member the additional amount was charged up against his
certificate and deducted therefrom. Under this amend-
ment the defendant claims the right to deduct from the
face value of the certificate in suit the increased monthly
assessments from the date of the amendment up to the time
of the expiration of Mrs. Shepperd's life expectancy, the
claim of the plaintiffs being that there should be deducted
from the face value of the certificate an amount to be com-
puted on the balance of her life expectancy at the rate in
force when she joined the order. This, as we understand,
makes a difference of about $220.

It is insisted by the beneficiaries, and the authorities are
quite uniform to the effect, that no action taken by the
order which will decrease the amount of the certificate or
the amount due thereon at the time of the death of the
insured is permissible. In *Pokrefky v. Detroit Fireman's
Fund Ass'n,* 121 Mich. 456, 80 N. W. 244, it is held that
the by-laws existing at the time the deceased became a
member were a part of his contract with the association,
which could not be changed against his protest, by a by-law
subsequently enacted so as to deny the right of his benefi-
ciaries to the entire proceeds of the certificate levied at his
death. In *Morton v. Supreme Council, Royal League,* 100
Mo. App. 76, 91, 73 S. W. 259, the supreme court of
Missouri said:

"There are numerous well-considered opinions in which
it is ruled that subsequent by-laws undertaking to reduce
the amount to be paid in certain contingencies do not take
effect on previous contracts, and that a stipulation to
comply with future regulations means the member will
comply with such as relate to his duties as a member, but

does mean that the society may interfere with the essential purpose of the contract, namely, the indemnity covenanted to be paid." To the same effect are, *Campbell v. American Benefit Club Fraternity*, 100 Mo. App. 249, 73 S. W. 342; *Pearson v. Knights Templar & Masons Indemnity Co.*, 114 Mo. App. 283, 89 S. W. 588; *Strauss v. Mutual Reserve F. L. Ass'n*, 128 N. Car. 465, 39 S. E. 55. In *Parish v. New York Produce Exchange*, 169 N. Y. 34, 61 N. E. 977, it is said:

"These cases, as we understand them, establish a principle, which we deem well supported in reason, that the power of a corporation such as this one to amend its by-laws is a power to regulate within reasonable bounds, not a power to destroy the contract rights of its members."

*Langan v. Supreme Council A. L. H.*, 174 N. Y. 266, 66 N. E. 932, and *Weber v. Supreme Tent, K. M.*, 172 N. Y. 490, 65 N. E. 258, both New York cases, are to the same effect. Experience in the conduct of these beneficiary associations has demonstrated that the amount of the monthly assessments first agreed upon fails in many cases to produce a sufficient income to provide for the death benefits of the members. From an examination of the authorities we incline to the belief that, where an honest conduct of the business demonstrates that the assessments levied and agreed to be paid by the members first joining are not sufficient to meet the obligations of the society, then in such cases the constitution and by-laws may be so amended as to require additional monthly assessments to be paid. In an extended brief prepared by Frank H. Bacon, the author of Bacon on Benefit Societies and Life Insurance, he presents strong legal and equitable reasons for such a rule. The increased assessment operates alike on all members of the society. Each member of the society is subject to the same burden and entitled to participate in its benefits, and those who do not care to assume the additional expense may abandon the society, having had the benefit of their insurance up to the date of the increased burden being imposed. The burden and the benefit are equally distributed. In

*Reynolds v. Supreme Council, Royal Arcanum,* 192 Mass.
150, 78 N. E. 129, the supreme court of Massachusetts
upheld the right of the society to increase the assessment
beyond the amount levied when the plaintiff became a
member.    The case is well considered and is the latest
expression found on the subject.

In the case under consideration the society said to its old
members: We will not require you to pay the additional
assessment from month to month as in the case of new
members, but will charge you up with the additional
amount and deduct it from the face of your certificate at
the date of death.    This, we think, is such a reasonable
amendment to the constitution and by-laws as the courts
ought to sustain.    Whether the increased assessment may
be charged up against the certificate of a deceased member
after death and to the end of the life expectancy of such
member presents a different question.    On the death of
the member the contract of insurance matures.    By the
payment of assessments and compliance with the rules of
the order the benefits of the contract then accrue to the
beneficiaries in all its terms.    To allow a deduction from
the face value of the certificate greater than was contem-
plated when the contract was made would be to annul the
contract in its most important phase.    The amount to be
paid as monthly assessments is a rule of the order which
must be complied with by all the members, and if the
amount is increased during the life of the member it is a
change of rule or by-law to which he has assented on join-
ing the association, and during his lifetime he is to be gov-
erned by that rule.    To allow the face value of his certificate
to be decreased by the amount of an increased assessment
charged against him after death would, however, in our
opinion, be an indirect method of avoiding the contract
made when he joined the order and an indirect method of
avoiding payment of the amount contracted to be paid
upon the policy when it was issued.    The contract evi-
denced by the certificate alone cannot be changed or

annulled by a change of the by-laws. *Hale v. Equitable Aid Union,* 168 Pa. St. 377, 31 Atl. 1066.

We recommend a reversal of the judgment and that the cause be remanded to the district court, with directions to enter a judgment in favor of the plaintiffs for the face value of the policy, less the amount of the increased assessments from the time when ordered to the death of the insured, and less the original assessments contracted to be paid from the death of the insured to the expiration of her life expectancy.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment is reversed and the cause remanded to the district court, with directions to enter a judgment in favor of the plaintiffs for the face value of the policy, less the amount of the increased assessments from the time when ordered to the death of the insured, and less the original assessments contracted to be paid from the death of insured to the expiration of her life expectancy.

JUDGMENT ACCORDINGLY.

The following opinion on motion to modify opinion was filed February 8, 1907. *Affirmed on condition:*

JACKSON, C.

The judgment was for the plaintiff and is for $11.10 in excess of the amount which the plaintiff was entitled to recover under the rule announced in our opinion. The plaintiff has filed a motion to be allowed to remit that sum, and that thereupon the judgment of reversal be vacated, and that the judgment be affirmed, less the remittitur.

It is recommended that the judgment of reversal be vacated, that a remittitur be authorized, and upon such remittitur being entered that the judgment of the district court be affirmed for the sum of $743.13.

By the Court: For the reasons stated above, the motion to modify the opinion is sustained and judgment of reversal vacated. Ordered that the plaintiff be allowed to enter a remittitur of $11.10 from the judgment within thirty days, and if such remittitur is filed the judgment of the district court is affirmed for $743.13, otherwise the judgment is reversed and the cause remanded.

JUDGMENT ACCORDINGLY.