CHARLES S. JOHNSON, APPELLEE, V. BANKERS UNION OF
THE WORLD, APPELLANT.

FILED DECEMBER 17, 1908.   No. 15,356.

1. **Insurance**: BENEFICIAL ASSOCIATIONS: CHANGE IN LAWS. Where a
fraternal benefit association has not complied with the provisions
of section 1, ch. 47, laws 1897, and adopted a representative form
of government, its governing body is without power to adopt a
constitution or by-law, or to amend the same, changing the terms
and obligations of a mutual benefit certificate theretofore issued
to one of its members.

2. ———: BENEFIT CERTIFICATES: DEDUCTIONS. Where the constitution
and by-laws of a beneficial society provide that on the death of a
member the amount due on his certificate shall be ascertained
by deducting from its face value the monthly assessments from
the death of the member to the expiration of the life expectancy
of such member at time of entry, with 4 per cent. interest thereon,
and the constitution and by-laws are afterwards changed, in-
creasing the monthly assessments to be collected, but such in-
creased assessments are not demanded or collected from old mem-
bers, but only from persons thereafter joining, and the old mem-
bers continue to pay at the old rate until the death of a certificate
holder, *held*, that the society, in settling with the beneficiaries
of the deceased member, cannot decrease the amount of the re-
covery, but is entitled to deduct the difference between the rate
of the monthly assessment in force when the certificate was issued
and the increased rate provided by the amendment computed from
the time when the new rate went into effect up to the date of the
death of the member, and not for the remainder of the life ex-
pectancy of such deceased member.

APPEAL from the district court for Cass county: PAUL
JESSEN, JUDGE. *Affirmed.*

*Matthew Gering,* for appellant.

*D. O. Dwyer, contra.*

FAWCETT, J.

In October, 1901, defendant issued to plaintiff, Charles
S. Johnson, and his wife, Clara B. Johnson, a joint policy
of insurance, payable upon the death of either to the

survivor. On February 19, 1904, while the policy was still in full force and effect, Clara B. Johnson died, leaving plaintiff as her surving husband and beneficiary. This action is brought to recover the amount due under said policy. The face value of the policy was $1,000. At the time of the issuance of the policy the constitution and by-laws of the defendant provided: "For the purpose of creating a reserve fund, to guard against poor risks, protect healthy members, equalize the cost to all, and absolutely insure the perpetuity of the union, all insurance of the Bankers Union of the World will be adjusted and paid on the following plan: Should any member holding a policy die before having lived out his expectancy of life, based on his age at entry according to the American Experience Table of Mortality, there shall be deducted from the death benefit payable under such policy held by said member, a sum equal to the amount of payment (at the rate paid by the member), for each month of the unexpired period of such life expectancy, with 4 per cent. on the unpaid balance of such sum." The rate of premium or assessment of Mrs. Johnson under the by-laws in force at the time the policy was issued was 81 cents a month, the joint rate of herself and husband being $1.24 a month. Her life expectancy according to the American Experience Table of Mortality at the time the policy was issued for her then age of 38 years was 29.6 years, of which 27.23 were remaining at the time of her death. It will be seen from this that, if plaintiff's recovery in this case is based upon the law in force at the time the policy was issued, it should be for the sum of $1,000, less 81 cents a month for 27.23 years, with 4 per cent. interest.

Subsequent to the issuance of the policy, in May, 1902, defendant attempted to amend its constitution and by-laws concerning joint policies so as to provide: "The amount of such policy to be paid to the survivor of such parties based upon the joint rate provided herein for the life expectancy of the deceased member." Defendant also

7

increased the monthly joint rate assessment of the plaintiff and his wife from $1.24 to $2.24 a month, but during the nearly two years which elapsed from the time of such attempted change until the death of Mrs. Johnson never demanded said increased rate, and the same never was paid; plaintiff and his wife continuing to pay the joint rate of $1.24 a month during all of that time just as they had done prior to the attempted change. At the same time defendants lowered the rate of interest upon the unpaid balance from 4 per cent. to $2\frac{1}{2}$ per cent. Under this attempted change in the constitution and by-laws, it will be seen that plaintiff's recovery, if he is bound thereby, would be the sum of $1,000, less a monthly assessmènt of $2.24 for 27.23 years, with $2\frac{1}{2}$ per cent. interest. By the former computation he would be entitled to receive upon the death of his wife $733.19, while under the latter computation he would be entitled to receive only $183.23. The defendant in its brief says: "The only controversy arises in the case as to which constitution governs in computing the amount due. Under the constitution in force at the time of the issuance of the policy, there would be due appellee the sum of $733.19. Under the constitution of 1901, as amended in May, 1902, computing at the increased rate, there would be due the sum of $183.23." This is a fair and frank admission of the only real controversy in the case. The law applicable to this question has been so definitely settled by the former adjudications of this court that we do not need to consider the many authorities cited from other courts. The case was tried to the court below without a jury. The court found that plaintiff was entitled to recover under the law in force at the time the policy was issued, and, following *Shepperd v. Bankers Union of the World*, 77 Neb. 85, entered judgment against the defendant for $866.14, being $1,000, less 81 cents a month for 27.23 years, and the difference between the monthly assessments of $1.24 and $2.24 a month from the date of the attempted change of the by-laws in May, 1902, to the death of Mrs. Johnson in February, 1904, with 4

per cent. on the unpaid balance. There are two reasons why the judgment of the district court was right and must be affirmed:

1. In *State v. Bankers Union of the World*, 71 Neb. 622, we held that prior thereto this defendant had failed to comply with the provisions of the statute governing such organizations by not having established and maintained a representative form of government, which required that the directors and other officers having general charge and control of the property and business of the society and the management of its affairs should be chosen by the membership thereof; and because of this failure of the defendant to comply with such statute we enjoined it from doing business until such error should be corrected; and in *Lange v. Royal Highlanders*, 75 Neb. 196, we held: "Where a fraternal benefit association has not complied with the provisions of section 1, ch. 47, of the act of 1897, and adopted a representative form of government, its governing body is without power to adopt an edict or by-law changing the terms and obligations of a mutual benefit certificate theretofore issued to one of its members." Under the law as thus announced by this court, it is clear that the defendant in May, 1902, was without power or authority to amend its constitution and by-laws so as to affect the rights of any policies then in force.

2. In *Shepperd v. Bankers Union of the World, supra*, we had under consideration the identical question here presented. In that case we held: "The constitution and by-laws of a beneficial society provided that on the death of a member the amount due on his certificate should be ascertained by deducting from its face value the monthly assessments from the death of the member to the expiration of the life expectancy of such member, with 4 per cent. interest thereon. The constitution and by-laws were afterwards changed, increasing the monthly assessments to be collected, but providing that such increased assessments should be collected only from members thereafter joining, the old members to continue to pay at the old

rate and on their death the increase over the old rate to be deducted from their certificate. *Held,* That the society had the right, in settling with the beneficiaries of a deceased member, to deduct from the certificate the difference between the rate of the monthly assessments in force when the certificate was issued and the increased rate provided by the amendment computed from the time when the new rate went into effect up to the date of the death of the member, but not for the remainder of the life expectancy of such deceased member."

We are now asked to overrule, or at least to distinguish, the above case, but we are unconvinced by the able brief submitted by counsel for defendant. In the opinion in the *Shepperd* case, Mr. Commissioner DUFFIE exhaustively reviews the authorities, and very forcefully and, as we still think, correctly supports his reasoning and sustains the conclusion therein reached. In deciding the present case, the learned district court very properly followed the rule laid down in the *Shepperd* case. These questions having been so fully considered by us in *State v. Bankers Union of the World, Lange v. Royal Highlanders,* and *Shepperd v. Bankers Union of the World, supra,* we deem further discussion unnecessary.

Defendant's last contention is that there is error in the amount of plaintiff's recovery in that the court allowed interest upon the amount found due plaintiff from May 19, 1904, to the first day of the term of court at which the judgment was entered, basing its contention upon the clause in the policy which provides that it shall be payable "within 90 days after receipt and approval of said proof of death." Defendant is not entitled to have this assignment considered, for the reason that that matter was not called to the attention of the trial court in the motion for new trial. Not having been raised in the court below, it cannot be considered here; but, even if it were to be considered, we think defendant's contention would have to fail. Mrs. Johnson died February 19, 1904. In the petition plaintiff alleges that soon thereafter proof

of death was made and furnished defendant. In its an-
swer defendant admits "that proof of death was duly
furnished." It is not disclosed either by the pleadings or
the evidence when it was furnished. Under plaintiff's al-
legation and defendant's admission, we think plaintiff is
entitled to the presumption that the proof was furnished
at once. If this is not so, that fact could easily have been
shown by defendant. If furnished at once, then the dis-
trict court was clearly right in allowing interest from 90
days thereafter.

Finding no error in the record, the judgment of the
district court is

AFFIRMED.