12191.  SEALY *v.* SOVEREIGN CAMP WOODMEN OF THE WORLD.

BROYLES, C. J.  1. Where a certificate of insurance, issued by a fraternal beneficiary society, does not name any fixed rate of assessment or sum in the nature of a premium, but makes the maintenance of the certificate and the granting of the benefits stipulated in the certificate *conditional* upon the payment of " all assessments and dues that may be levied during the time that he [the holder of the certificate] shall remain a member of the order," the society has the right to levy such dues and assessments as may be necessary to pay all matured claims in full and to provide for the creation and maintenance of the funds required by its constitution and by-laws; and the levying of higher dues and assessments than those originally fixed does not constitute a breach of its contract with the member holding the certificate;  especially is this true where the society, when notifying the member of his increased dues, offers him all the benefits originally promised him in his certificate, provided he pays the increased dues, and also gives him the option of paying at a lower rate, provided he consents to a reduction of the benefits originally promised, and gives him the option of preventing any increase in his dues, while retaining all the benefits originally promised, provided he allows a lien to be charged against his certificate.  Park's Ann. Code, § 2564 (mm) ;  Funk *v.* Stevens, 102 Neb. 681 (169 N. W. 6) ;  Shepperd *v.* Bankers' Union, 77 Neb. 85 (108 N. W. 188) ;  McClement *v.* Supreme Court, I. O. F., 222 N. Y. 470  (119 N. E. 99, 102) ;  De Graw *v.* Supreme Court, I. O. F., 182 Mich. 366 (148 N. W. 703) ;  Williams *v.* American Ins. Union, 107 Kan. 214 (191 Pac. 291).

(*a*)  This ruling is not in conflict with the decision in *Eminent Household of Columbian Woodmen* v. *Eppes*, 24 *Ga. App.* 762 (102 S. E. 174), it being specifically stated there that, under the facts of the case, " it is unnecessary to pass upon the right of the defendant order to increase the premium rate to preserve the life of the order and to comply with the provisions of the act of 1914  (Ga. L. 1914, p. 99, Park's Ann. Code, § 2564 (q), 2564 (w), 2564 (x) )."

2. Under the foregoing ruling and the facts of the instant case, the court did not err in dismissing the petition on general demurrer.

> *Judgment affirmed.  Luke and Bloodworth, JJ., concur.*
> DECIDED MAY 11, 1921.

Complaint; from city court of Zebulon — Judge Dupree.  December 15, 1920.

*J. M. Smith, Reagan & Reagan,* for plaintiff.

*Little, Powell, Smith & Goldstein,* for defendant.